**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 1:26-cv-24022-LEIBOWITZ/Hernandez**

**SISTER MARIA DEL ROSARIO GUTIERREZ, *et al.*,**

*Plaintiffs*,

*v.*

**JOSEPH B. EDLOW, *et al.*,**

*Defendants.*

______________________________________/

# ORDER

Before the Court is the parties' Joint Motion to Stay Counts II, IV, V, VI, and VIII of Plaintiffs' Complaint, [ECF No. 1], pending appellate review of a decision[1] that vacated the policies at the heart of this case ("Motion"). [ECF No. 12]. After considering the parties' arguments, the relevant authorities, and being otherwise informed in the premises, the Motion is GRANTED.

* * *

Plaintiffs are nationals of various countries who entered the United States lawfully and have pending adjustment of status applications. [ECF No. 1 at 7]. They allege that immigration agencies have adopted policies that have injured them in two ways: (1) by "unilaterally alter[ing] the legal standard for adjudicating adjustment applications in violation of binding administrative precedent" and (2) by "implementing an indefinite pause of applications based upon certain applicants' nationality or method of lawful entry into the country." *Id.*

On June 8, 2026, they sued under the Administrative Procedures Act ("APA") to set aside and vacate four agency memoranda and policies, to which they attribute those harms. *Id.* at 7–8. They

[1] *Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs.*, 834 F. Supp. 3d 242 (D.R.I. 2026), *judgment entered*, No. 26-cv-132-JJM-PAS, 2026 WL 1695954 (D.R.I. June 11, 2026).

raised four claims: arbitrary and capricious agency action in promulgating the contested policies (Counts I-II, VI), failure to conduct notice-and-comment rulemaking (Counts III-IV), lack of statutory authority in promulgating the contested policies (Count V), and violation of 8 U.S.C. § 1255 (Counts VII-VIII). *Id.* ¶¶ 270–333.

On August 11, 2026, Defendants filed a Motion to Dismiss Counts I, III, and VII on jurisdictional grounds. [ECF No. 11]. The remaining counts, the parties assert, should be stayed pending the First Circuit's decision in *Dorcas*. [ECF No. 12 ¶ 12]. There, the district court granted summary judgment in the plaintiffs' favor and vacated the policies at issue in Counts II, IV, V, VI, and VIII. *Dorcas*, 2026 WL 1622708, at *3. And those policies remain subject to the trial court's order. *See Dorcas Int'l Inst. of R.I. v. U.S. Citizenship & Immigr. Servs.*, No. 26-1703, 2026 WL 2364384, at *1 (1st Cir. Aug. 14, 2026) (denying request for stay as to policies challenged here).

Courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Johnson v. Bd. of Regents of Univ. of Ga.*, 263 F.3d 1234, 1269 (11th Cir. 2001) ("[W]e accord district courts broad discretion over the management of pre-trial activities, including discovery and scheduling.") (cleaned up). This discretion extends to orders staying proceedings pending the outcome in another case. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936). Yet a court's discretion is not unbridled. *Barr v. Harvard Drug Grp., LLC*, No. 13-cv-62019-KAM, 2015 WL 11181968, at *3 (S.D. Fla. Dec. 7, 2015) (citing *Landis*, 299 U.S. at 254–255). In deciding whether a stay is appropriate, courts consider whether (1) the balance of harms favors the stay, (2) movant has shown hardship or inequity in proceeding with the case, (3) the requested stay is indefinite, and (4) granting the stay serves the public interest. *Id.* at *3–4. Other factors include promoting efficiency and conserving judicial resources. *See Gill v. City of Margate*, No. 25-cv-60913-MD, 2026 WL 1040562, at *1 (S.D. Fla. Mar. 27, 2026). "If certiorari is granted in another case on a potentially dispositive issue," and if these

considerations weigh in favor of a stay, a court may properly stay litigation. *Barr*, No. 2015 WL 11181968, at *4.

Here, the factors support the Parties' joint Motion. First, because the parties jointly request a stay, they implicitly represent that the balance of hardships favors a stay. Second, because the *Dorcas* appeal may decide the Counts referenced in the Motion, requiring the parties to engage in potentially futile, costly litigation constitutes harm to both sides. *See Barr*, 2015 WL 11181968, at *4. Third, the requested stay has a definite end point—an appellate decision in *Dorcas*. [ECF No. 12 ¶ 12]. Fourth, the requested stay serves the public interest by avoiding inconsistent litigation outcomes, promoting efficiency, and conserving judicial (and litigant) resources. *See Martinez Moncada v. Noem*, No. 26-cv-21625-JEM, 2026 WL 2597477, at *1 (S.D. Fla. Aug. 26, 2026) (granting opposed motion for stay pending resolution of out-of-district action, where both cases involved the "same relief, target[ed] the same alleged practices, and involve[d] similar factual allegations"). Accordingly, the Court finds that the requested relief is appropriate.

It is therefore ORDERED AND ADJUDGED that the Motion, [ECF No. 12], is GRANTED as follows:

1. Counts II, IV, V, VI, and VIII are STAYED while the order in *Dorcas* remains in effect during appeal.
2. The parties are ordered to file a joint status report with the Court every 90 days from the date of this order.

DONE AND ORDERED in the Southern District of Florida on October 14, 2026.

YENEY HERNANDEZ
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF FLORIDA